## Fulton v. PennDOT

*Richard Husband,* for petitioner.
*Kathy Linn,* for respondent.

CICCHETTI, *P.J.,* November 13, 1986—Presently before the court is the appeal of petitioner from the suspension of his operating privileges. For the following reasons the appeal is sustained.

On July 25, 1982, petitioner, the owner of an uninsured vehicle, was involved in an automobile accident. Subsequently, the petitioner was notified by the Department of Transportation that until he paid Travelers Insurance Co. the sum of $260, pursuant to section 501 of the now-repealed Pennsylvania No-fault Motor Vehicle Insurance Act, *formerly* 40 P.S. §1009.501, his driver's license was being suspended indefinitely. The petitioner argues that it is improper to suspend his license in the absence of a judicially enforcable judgment entered against him. A court must first determine whether the petitioner is obligated to repay Travelers Insurance. The Department of Transportation argues that section 501 does not require the obligation to be reduced to judgment and in the absence of repayment it is proper to suspend the petitioner's license.

Section 501 of the No-fault Act provides as follows:

"The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act . . . shall be entitled to recover all the benefits paid and appropriate loss of adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within 30 days shall be

grounds for suspension or revocation of his motor vehicle registration and operator's license." Former 40 P.S. §1009.501.

This court holds that section 501 merely creates a cause of action enabling an insurer to seek reimbursement from an uninsured motorist. To suspend the uninsured motorist's operating privileges, a claim must be reduced to a legally enforceable judgment. Absent his judicial determination, it is impermissible to suspend the uninsured motorist's operating privileges. This court is not unmindful that a purpose of the No-fault Act was to require that all motorists registered in Pennsylvania have No-fault coverage. Also, "If an owner fails to comply with this requirement, it is logical and reasonable that he or she should ultimately be assessed for the amount of the actual loss." *Harleysville Mutual Insurance Co. v. Schuck,* 302 Pa. Super. 534, 538, 449 A.2d 45, 47 (1982). However, absent a judicial determination and a finding that the uninsured motorist must reimburse the insurer, this court will not suspend the motorist's operating privileges.